UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| J. M.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIBERTY UNION HIGH SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No. 16-cv-05225-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>Re: ECF No. 3 |

## INTRODUCTION

This case arises from a high school disciplinary action involving a student with ADHD and the defendant-district's subsequent administrative review.[1] J.M., a minor child with ADHD and the plaintiff here, was involved in a verbal altercation and a subsequent threatening confrontation with another student.[2] "J.M. was immediately suspended and [Liberty Union High School District] moved to expel him."[3] Through the expulsion process, the District concluded that "J.M.'s conduct

---

[1] *See generally* Compl. — ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* ¶15.

[3] *Id.*

ORDER — No. 16-cv-05225-LB

was not caused by nor did it have a direct and substantial relationship to J.M.'s [AHDH]."[4] J.M. sued to challenge this determination, which was upheld in a District administrative proceeding.[5]

Now before the court is J.M.'s petition to appoint a guardian ad litem.[6] J.M. has no general guardian and seeks to appoint D.M. (his mother).[7] M.M. (his father) agrees that D.M. should be appointed as guardian ad litem.[8]

## GOVERNING LAW

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).[9] An individual's capacity to sue is determined by the law of the individual's domicile. *Id.* 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian conducts the proceedings and the court may appoint a guardian ad litem to protect the minor's interests in the litigation. *Id.* § 6601; Cal. Civ. Proc. Code § 372(a); *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 47 (2007).

The court "has broad discretion in ruling on a guardian ad litem application." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 47 (2007). In the case of parent representatives, "'[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court

---

[4] *Id.* ¶ 16.

[5] *Id.* ¶¶ 16, 22.

[6] Petition for Appointment of Guardian ad Litem — ECF No. 3.

[7] *Id.* at 1.

[8] *Id.*

[9] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state. These factors are: 1) An adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing *T.W. v. Brophy*, 954 F. Supp. 1306, 1309 (E.D. Wis.1996), *aff'd*, 124 F.3d 893, 896–97 (7th Cir. 1997)). "It appears to be the common practice to appoint a parent to act as next friend for a child." *Anthem Life Ins. Co.*, 2007 WL 1390672, at *2 (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1352 (11th Cir. 2000)).

in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Id.* at 49 (quoting *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)) Thus, "if the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation." *Id.* at 50. If, on the other hand, "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000); *see also Bhatia v. Corrigan*, No. C 07-2054 CW, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007) (citing *Gonzalez*, 86 F. Supp. 2d at 1185).

When there is no conflict of interest, "the appointment is usually made on application only and involves little exercise of discretion." *Williams*, 147 Cal. App. 4th at 47 (quoting *In re Marriage Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)) (internal quotations omitted).

## ANALYSIS

J.M. was born in 2000 and is thus fifteen or sixteen years old.[10] Because J.M. is under the age of eighteen, he is a minor under California law. Cal. Fam. Code § 6500. As a minor, J.M.'s ability to sue is contingent on the appointment of a guardian ad litem. A parent may serve as guardian so long as the parent does not have an adverse interest.

J.M. seeks to appoint his mother, D.M., as guardian ad litem.[11] D.M. brought this action solely on behalf of her minor child and the court finds no conflict with J.M.'s claims. Her appointment as J.M.'s guardian ad litem is therefore appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Gonzalez*, 86 F. Supp. 2d at 1185; *Robidoux v. Wacker Family Trust*, No. CIVS-06-2334 LKK-

---

[10] Compl. ¶ 12; Petition at 1.

[11] Petition at 1.

1  DAD, 2009 WL 1531785, at *1 (E.D. Cal. May 29, 2009), *rev'd on other grounds by* No. 09-
2  16674, 2011 WL 1136241 (appointing plaintiff mother as guardian ad litem for plaintiff children
3  in housing discrimination case).

## CONCLUSION

The court grants J.M.'s petition and appoints D.M. as J.M's guardian ad litem.

**IT IS SO ORDERED.**

Dated: September 16, 2016



LAUREL BEELER
United States Magistrate Judge