UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| J. M.,<br><br>    Plaintiff,<br><br>  v.<br><br>LIBERTY UNION HIGH SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 16-cv-05225-LB<br><br>**ORDER GRANTING THE PETITION TO APPROVE A MINOR'S SETTLEMENT**<br><br>Re: ECF No. 52 |

**INTRODUCTION**

The plaintiff J.M., a minor, through his guardian ad litem, D.M., sued the defendant Liberty Union High School District.[1] The parties settled this action according to the terms of the Settlement Agreement & Release.[2] The plaintiff now asks the court to approve the settlement.[3] The court finds the settlement terms to be fair and reasonable in light of the facts of the case, the plaintiff's claims, and similar cases, and therefore grants the plaintiff's motion.

---

[1] Compl. – ECF No. 1. Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated pages numbers at the tops of documents.

[2] Settlement Agreement & Release – ECF No. 52-1.

[3] Motion – ECF No. 52.

ORDER – No. 16-cv-05225-LB

## ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has made clear, in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

The court reviewed the settlement agreement, and finds it fair and reasonable in light of the facts of the case, the claims, and outcomes in other cases. The court also finds the settlement to be in the best interest of all parties.

## CONCLUSION

The court grants the Petition to Approve a Minor's Settlement. The proposed order — filed by the plaintiff — included a provision that the case is dismissed with prejudice. The court dismisses the case with prejudice. *See* Fed. R. Civ. P. 41(1)(A)(i) and (B) & 41(a)(2).

This disposes of ECF No. 52.

**IT IS SO ORDERED.**

Dated: December 5, 2017

_____
LAUREL BEELER
United States Magistrate Judge